

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS
~~XXXXXXXXXXXXXXX~~
~~WILL WILSON~~
ATTORNEY GENERAL

Bureau of Labor Statistics        Attention: Mr. C. E. Stewart
Austin, Texas        Opinion No. O-2946
       Re: The inspection of State owned
       boilers belonging to the Texas Prison
Gentlemen:        System.

       We have your letter of December 2, 1940, with reference to the inspection by your Department of boilers of the State Prison System.

       In your letter you refer to our Opinion No. O-2325, addressed to the Board of Control, which holds that the Board of Control has no authority to carry boiler insurance protection at various State institutions and agencies. You ask if this same opinion applies to the Prison Board, reporting that the insurance company is still sending in their inspection reports, but that if they have no authority to carry insurance you would like to have your inspectors look after these boilers when they are in that territory.

       Our Opinion No. O-1100, Sup., addressed to Honorable O. J. S. Ellingson, General Manager, Texas Prison System, appears to answer your question. We attach a copy of this opinion for your information, and direct your particular attention to the fourth paragraph, which reads:

       "We understand from you that it is very important the boilers belonging to the penitentiary system be inspected at regular intervals by competent boiler inspectors. We call attention to the fact that the Labor Commissioner of Texas is charged with the responsibility of having all boilers in Texas inspected at certain times or intervals, and we know of no reason why that department should not properly inspect the State boilers in the same manner that boilers of all private individuals are inspected."

       Subsequent to the release of Opinion No. O-1100, Sup., this department directed, on March 22, 1940, to Honorable O. J. S. Ellingson, General Manager, Texas Prison System, Opinion O-1168, a copy of which is enclosed herewith for your information, and which held that the Prison System could pay for boiler inspection out of Item 12, Maintenance and Miscellaneous Appropriation, Senate Bill No. 427, Acts of the 46th Legislature, page 180.

       From your letter it would appear that the Prison System has made some kind of an arrangement with the Insurance Company to make these boiler inspections.

       Your attention is directed to Section 4 of Article 5221c, Vernon's Civil Statutes, which makes it the duty of the Commissioner of the Bureau of

Labor Statistics to inspect each steam boiler subject to the provisions of Acts 1937, 45th Legislature, page 483, ch. 436, as amended by House Bill No. 419 (Article 5221c, Vernon's Civil Statutes).

The Insurance Company cannot make inspections of the boilers in question under Section 5 of said Article 5221c, as this section provides for the inspection by inspectors for the Insurance Company of boilers on which the Insurance Company has issued a policy of insurance after inspection thereof, and exempts from further inspection boilers inspected by the Insurance Company.

Section 10 of said Article 5221c reads in part:

"The Commissioner may cause the inspection provided for in this Act to be made either by the inspector of boilers or any deputy inspector, or by any qualified boiler inspector employed by any county, or city and county, or city, or any insurance company, provided that such persons making inspections (other than the inspector of boilers or deputy inspectors regularly employed by the Commissioner) shall first obtain from the Commissioner a Commission as inspector showing his qualifications to make such inspections. The Commissioner is vested with full power and authority to determine the qualifications of any applicant or other person seeking a commission as inspector, by examination. * * *"

Under Section 10, supra, it is specifically provided that the Commissioner may authorize the inspection of any boiler by any qualified boiler inspector of an insurance company, provided that such insurance inspector shall first obtain from the Commissioner a commission as inspector showing his qualifications to make such inspection.

If the insurance company's commissioned inspector inspects said boiler, the Commissioner may accept his report, but if the Commissioner does not wish to accept such report, he may make, or cause to be made, the proper inspection.

Trusting that the foregoing answers your question, we remain

Yours very truly

APPROVED JAN 10, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

By

ATTORNEY GENERAL OF TEXAS

D. Burle Daviss
Assistant

APPROVED
opinion committee
By BWB
chairman

DBD:RS:LM